# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK
_____

IN RE: JAMES SITTS,                                  21-PF-0001 (GTS)

                          **Respondent.**

_____

**GLENN T. SUDDABY, Chief United States District Judge**

## ORDER TO SHOW CAUSE

Recently the undersigned determined that found that grounds may exist to enjoin James Sitts ("Respondent") from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the

> litigant has caused needless expense to other parties or has
> posed an unnecessary burden on the courts and their personnel;
> and (5) whether other sanctions would be adequate to protect the
> courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing Respondent's litigation history, the Court concludes that, unless he shows cause otherwise, Respondent should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee. A review of Respondent's litigation history on the District's Case Management / Electronic Case Filing ("CM/ECF") System reveals that, between in a period of approximately fourteen months (i.e., between December 2, 2020, and February 9, 2021), Respondent filed six *pro se* civil rights actions in this District.[1]

Of those six actions, two of them have been *sua sponte* dismissed in their entirety for failure to state a claim or frivolousness.[2] Three of them have been partially

---

[1] *See Sitts v. Weaver*, 20-CV-1474, Complaint (N.D.N.Y. filed Dec. 2, 2020); *Sitts v. Delaware County Correctional Facility*, 20-CV-1475, Complaint (N.D.N.Y. filed Dec. 2, 2020); *Sitts v. New York State,* 20-CV-1476, Complaint (N.D.N.Y. filed Dec. 2, 2020); *Sitts v. Otsego County Court*, 20-CV-1583, Complaint (N.D.N.Y. filed Dec. 21, 2020); *Sitts v. Delaware County Correctional Facility*, 21-CV-0047, Complaint (N.D.N.Y. filed Jan. 14, 2021); *Sitts v. Munson*, 21-CV-0155, Complaint (N.D.N.Y. filed Feb. 9, 2021).

[2] *See Sitts v. Otsego County Court*, 20-CV-1583, Decision and Order (N.D.N.Y. filed Apr. 9, 2021) (Kahn, J.) (*sua sponte* dismissing with prejudice the plaintiff's Complaint in its entirety); *Sitts v. New York State,* 20-CV-1476, Decision and Order (N.D.N.Y. filed May __, 2021) (Suddaby, C.J.) (*sua sponte* dismissing with prejudice certain of the plaintiff's claims, and dismissing without prejudice the remainder of those claims); *Sitts v. Delaware County Correctional Facility*, 21-CV-0047, Decision and Order (N.D.N.Y. filed May __, 2021) (*sua sponte* dismissing

*sua sponte* dismissed for failure to state a claim or frivolousness.[3] The sixth action was voluntarily discontinued by Respondent after he was advised that he could not represent other prisoners.[4]

Even when the Court views these actions with the utmost of special solicitude, it has difficulty concluding that Respondent has possessed an objective good faith expectation of prevailing in these actions, or that his litigation history has been anything other than vexatious or harassing (causing needless expense to other parties and an unnecessary burden on the Court and its personnel). The Court also has difficulty concluding that lesser sanctions would be adequate to protect the courts and other parties: a fine would not appear appropriate given that Respondent is proceeding in forma pauperis, and a stern warning would appear unavailing given that he has not been deterred thus far by *sua sponte* dismissals.

Notwithstanding the overwhelming support for an anti-filing injunction in this case, fairness dictates that Respondent be given notice and an opportunity to be

---

without prejudice the plaintiff's Complaint in its entirety).

[3] *See Sitts v. Delaware County Correctional Facility*, 20-CV-1475, Decision and Order (N.D.N.Y. filed Jan. 13, 2021) (McAvoy, J.) (*sua sponte* dismissing with prejudice certain of the plaintiff's claims, dismissing without prejudice other of those claims and permitting the remainder of those claims to survive the Court's initial review); *Sitts v. New York State,* 20-CV-1476, Decision and Order (N.D.N.Y. filed May __, 2021) (Suddaby, C.J.) (*sua sponte* dismissing with prejudice certain of the plaintiff's claims, and dismissing without prejudice the remainder of those claims); *Sitts v. Munson*, 21-CV-0155, Decision and Order (N.D.N.Y. filed May __, 2021) (Suddaby, C.J.) (*sua sponte* dismissing with prejudice certain of the plaintiff's claims, and dismissing without prejudice the remainder of those claims).

[4] *Compare Sitts v. Weaver*, 20-CV-1474, Notice of Voluntary Dismissal (N.D.N.Y. filed Jan. 14, 2021) *with Sitts v. Weaver*, 20-CV-1474, Decision and Order (N.D.N.Y. filed Jan. 6, 2021) (Suddaby, C.J.).

heard. *See Iwachiw*, 396 F.3d at 529. As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[5] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court

---

[5] This injunction would apply to, among other things, continued filings by Respondent as a *pro se* plaintiff in any action filed by him in state court and either removed to this Court or transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry,* 928 F. Supp.2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, 10-CV-0777, 2012 WL 1193982, at *1, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court.") (relying on *Petrols v. Boos*, 10-CV-0777, Memorandum Opinion and Order, at 9, n.5 [N.D. W. Va. filed Nov. 2, 2010] [Stamp, J.] [reserving "the right to apply this injunction to any suit removed from state court to this Court"]); *Kissi v. Pramco, II, LLC,* 09-CV-0267, 2009 WL 8636986, at *1 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware); *Hensley v. U.S. Dist. Ct. E. Dist. of Cal.*, 07-CV-1546, 2008 WL 480000, at *3 (E.D. Cal. Feb. 19, 2008) (noting that Central District of California applied its pre-filing injunction to case that had been transferred from the Eastern District of California).

4

will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by certified mail.

Dated: July 13, 2021
          Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge